UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 13, 2016

LETTER TO COUNSEL

    RE:   *Robert Mongan v. Commissioner, Social Security Administration*;
           Civil No. SAG-16-64

Dear Counsel:

On January 8, 2016, Plaintiff Robert Mongan petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 15, 16). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the Commissioner, and remand the case to the Commissioner for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Mr. Mongan filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on August 23, 2010. (Tr. 309-18). He alleged a disability onset date of October 6, 2009. *Id.* His claims were denied initially and on reconsideration. (Tr. 185-97, 198-211). A hearing was held on August 15, 2012, before an Administrative Law Judge ("ALJ"). (Tr. 74-109). Following the hearing, the ALJ determined that Mr. Mongan was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 114-30). The Appeals Council granted Mr. Mongan's request for review, and remanded the case to the ALJ for further consideration. (Tr. 131-34). The ALJ held a second hearing on May 6, 2014, (Tr. 35-73), and again denied benefits in a decision dated August 27, 2014. (Tr. 9-34). This time, the Appeals Council denied Mr. Mongan's request for review, (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Mongan suffered from the severe impairments of:

> obesity, headaches/occipital neuralgia, a myofascial/chronic pain syndrome manifested as fibromyalgia or myalgia, affecting multiple joints with neurological symptoms (including a benign essential tremor of the right hand) of undetermined etiology, degenerative disc disease/spondylosis of the lumbosacral spine with lumbar facet arthropathy, mild osteoarthritis of the hips, mild degenerative disc disease of the thoracic spine, borderline intellectual functioning, a depressive disorder, an unspecified anxiety disorder and a possible personality disorder.

*Robert Mongan v. Commissioner, Social Security Administration*
Civil No. SAG-16-64
October 13, 2016
Page 2


(Tr. 15). Despite these impairments, the ALJ determined that Mr. Mongan retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that he needs an assistive device for ambulation and must be able to rise from a seated position four times per hour, in place, for two to five minutes. Due to lightheadedness and leg weakness, he can only occasionally work around dangerous machinery, heights or steps. He can occasionally push, pull, stoop, squat, crawl, kneel or crouch. The claimant can understand, remember and carry out instructions in unskilled or entry-level positions.

(Tr. 18). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Mongan could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 26-27).

Mr. Mongan raises two primary arguments on appeal: (1) that the ALJ erred in assessing his RFC; and (2) that the ALJ provided an inadequate hypothetical question to the VE. Pl. Mot. 4-8. In addition, because Mr. Mongan raised the issue within his more general challenge to the ALJ's RFC assessment, I considered his case under the dictates of *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), and I conclude that the ALJ committed an error under *Mascio*. Remand is therefore appropriate. In so holding, I express no opinion regarding whether the ALJ's ultimate conclusion that Mr. Mongan is not disabled is correct or incorrect.

Beginning with the *Mascio* issue, in that case, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. *Id*. at 638. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 et. seq., pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00. The relevant listings therein consist of: (1) a brief statement describing a subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id*. at § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id*.

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1620a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id*. at § 404.1620a(c)(4). In order to

satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See*, *e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.02. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with [the claimant's] ability to function." *Id*. at § 12.00(C).

The functional area of "concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id*. at § 12.00(C)(3). Social Security regulations do not define limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id*. The regulations, however, offer little guidance on the meaning of "moderate" limitations.

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE – and the corresponding RFC assessment – did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. *Mascio*, 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id*. at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id*. Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id*.

In the instant case, the ALJ found that Mr. Mongan had a moderate limitation in concentration, persistence, or pace. (Tr. 17-18). The ALJ noted Mr. Mongan's alleged "difficulty with attention, concentration, memory and task completion," and "not[ed] that he relied on his wife to handle their finances." *Id*. The ALJ also cited medical evidence throughout the record regarding Mr. Mongan's ability to concentrate, his "test scores reflect[ing] that he has borderline intellectual functioning," and several medical opinions finding deficits in his concentration. (Tr. 17-25). However, the ALJ also noted that Mr. Mongan "admitted that he can operate a riding lawn mower and a car, tasks that require him to sustain concentration," and that objective examination revealed "only mild limitations on understanding, remembering and carrying out simple instructions." (Tr. 18, 853-64). Subsequently, the ALJ found that the evidence "reflects no more than moderate difficulties maintaining concentration, persistence or pace." (Tr. 18).

Ultimately, the ALJ's analysis is simply insufficient to permit adequate review. Without further explanation, I am unable to ascertain whether the ALJ truly believed Mr. Mongan to have moderate difficulties in concentration, persistence, and pace, instead of mild, or no difficulties, and how those difficulties restrict his RFC to "understand, remember and carry out instructions in unskilled or entry-level positions" without further limitation. In light of this inadequacy, I must remand the case to the Commissioner for further analysis consistent with the Fourth Circuit's mandate in *Mascio*. On remand, the ALJ should explain why Mr. Mongan has moderate difficulties in concentration, persistence, and pace, and should impose an appropriate limitation(s) to address his difficulties. In so holding, I make no finding as to whether the ALJ's ultimate conclusion that Mr. Mongan was not disabled was correct or incorrect.

Mr. Mongan makes the additional argument that the ALJ erred in his RFC assessment. Specifically, Mr. Mongan contends that the ALJ "should have [] found [Mr. Mongan] to be disabled due to a combination of loss of productivity and limitations in the use of his hands[.]" Pl. Mot. 4-6. To support his assertion, Mr. Mongan cites testimony and record evidence supporting disabling headaches, as well as hand and arm tremors and numbness, among other findings. *Id.* Critically, Mr. Mongan does not suggest any restrictions that, in his view, should have been included in the RFC assessment. Regardless, in this case, the ALJ properly assessed his RFC and supported his conclusions with substantial evidence. Regarding Mr. Mongan's headaches, the ALJ noted that "Mr. Mongan was having migraine headaches two to three times per week," but was "prescribed Fioricet." (Tr. 22, 738-54). Indeed, treatment records "through April 2014 reflect that with this medication, [Mr. Mongan's] headaches, while daily, were not as intense[.]" (Tr. 22, 790-826). Critically, Mr. Mongan corroborated the reduced intensity of his headaches, and most recently described them as "stable." (Tr. 22-23, 791). Moreover, objective medical evidence, including the fact that he had a "normal brain MRI scan and EKG," and a lack of "focal weakness," (Tr. 738-54), further belies Mr. Mongan's allegations of disabling headaches. (Tr. 21).

Regarding Mr. Mongan's hand limitations, the ALJ noted normal findings throughout the objective medical record, including an "unremarkable" cervical spine MRI, "normal" EMG studies, "normal nerve conduction studies," "no signs of [joint] swelling," no "evidence of carpal tunnel syndrome," "normal coordination," and "good reflexes and good strength." (Tr. 20-21). In addition, the ALJ noted that Mr. Mongan "consistently exhibited normal (5/5) strength with no signs of muscle atrophy and minimal signs of weakness." (Tr. 23). Moreover, the ALJ noted that Mr. Mongan's testimony that he could "use a 'hand gripper' despite allegations that he cannot hold anything for long." (Tr. 24). Furthermore, the ALJ cited evidence from treating physician Dr. Ali that Mr. Mongan's "right upper extremity tremor resolved when he was distracted," (Tr. 23, 534-40), and that, contrary to Mr. Mongan's complaints of a demyelinating disease, Mr. Mongan's tremor was "a benign essential tremor," (Tr. 23).

Importantly, this Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Considering

*Robert Mongan v. Commissioner, Social Security Administration*
Civil No. SAG-16-64
October 13, 2016
Page 5

the entirety of the ALJ's analysis, I find that the ALJ properly evaluated Mr. Mongan's RFC assessment.

Last, and relatedly, Mr. Mongan argues that the ALJ failed to provide the VE with a sufficient hypothetical. Specifically, Mr. Mongan contends that the ALJ's failure to include his headaches and hand limitations in the hypothetical to the VE rendered his opinion deficient. Pl. Mot. 7-8. As an initial matter, an ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540-41 (9th Cir. 1988). Likewise, a hypothetical question is unimpeachable if it adequately reflects the RFC for which the ALJ had sufficient evidence. *See Johnson v. Barnhart*, 434 F.3d 650, 659 (4th Cir. 2005). In this case, the ALJ framed a hypothetical based on the RFC. (Tr. 66-67). In response, the VE stated that Mr. Mongan could perform several jobs existing in the national economy. (Tr. 67-69). As discussed above, the ALJ did not credit Mr. Mongan's allegations of disabling headaches or hand use limitations in the RFC or the hypothetical to the VE. This conclusion is supported by ample evidence in the objective medical record. The ALJ was under no obligation to include impairments for which he later did not find sufficient evidence. Accordingly, the VE was fully informed of Mr. Mongan's physical capabilities during the hearing and the ALJ's hypothetical was proper. Remand is therefore not required on this issue.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment (ECF No. 15) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 16) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge